### Otto Seibert et al. v. Sarah D. Swayne.

1. MANDAMUS—*A Clear Right to the Writ Must Be Shown.*—In proceedings for mandamus, a clear right must be shown before the peremptory writ will be awarded.

2. SAME—*The Act of May 29, 1879, Does Not Apply to Municipalities Like the Town of Normal.*—The act of May 29, 1879, entitled "An act in relation to the disconnection of territory from cities and villages," has no reference to a municipality organized like the town of Normal. It neither mentions nor refers to such towns.

3.  APPELLATE COURT—*Scope of its Powers.*—The Appellate Court is permitted only to review the final judgments of the trial courts and their rulings leading up to such final judgments, and can determine only whether there was error at the time of the rendition of such judgments.

**Mandamus**, to disconnect territory.  Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1901.  Reversed and remanded. Opinion filed September 11, 1901.

O. R. TROWBRIDGE, attorney for appellants; R. L. FLEMING and J. A. BOHRER, of counsel.

LILLARD & WILLIAMS, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a proceeding in mandamus by appellee against appellants, as president and members of the town council of the town of Normal, to compel them to disconnect from the corporate limits of the town a tract of land lying upon the border of such limits and owned by appellee.  The petition was answered and the court sustained a demurrer to the answer and gave judgment against appellants awarding the peremptory writ of mandamus, to reverse which this appeal is prosecuted, and various errors are assigned and argued to effect such reversal, but in the view we have of the case we will consider but a single question.

It is insisted by appellee that the judgment of the Circuit Court is supported by the statute as construed in Young v. Carey, 184 Ill. 613.  We are of the opinion, however, that the statute under which this decision was given has no reference to a municipality like the town of Normal, which is incorporated by special act, February 25, 1867, and by that act is given the special designation " The Town of Normal," with certain defined powers therein enumerated.  Vol. 3, Private Laws, 1867, p. 321.

The act in relation to the disconnection of territory provides only for such disconnection from cities or villages, and neither mentions nor refers to towns organized like the town of Normal.  By a reference to the act of May 29,

Seibert v. Swayne.

1879 (Hurd's Stat. 1899, p. 294), it will be found that neither
the title nor the body of the act, refers to towns, while in
the preceding act, April 10, 1872, in relation to proceedings
in the Circuit Court for the same purpose, both the title and
the body of the act includes towns as well as cities and vil-
lages.   We can not say that the omission of towns in the
later act was accidental and that it ought to be construed
*in pari materia* with the other act, and thus it was the leg-
islative intent that both acts should embrace the same
objects.   It is a familiar principle in proceedings like this
that the clear right to it must be shown before the peremp-
tory writ of mandamus will be awarded.   We are of the
opinion no such right has been shown.   If the legislature
intended to include municipalities like this one, within the
provisions of the act under which this proceeding can alone
be justified, it doubtless would have said so in clear and
unambiguous language, and not left it to be determined by
doubtful construction.

It is further insisted by counsel for appellant in his brief
that the matter of disconnecting territory is within the dis-
cretion of appellants, and the act of May 10, 1901, is cited
in support of this position.   In Young v. Carey, *supra*, the
act of 1879 was given the contrary construction.   What-
ever construction may hereafter be given to the act of May
10, 1901, we can not, of course, anticipate.   It could, upon
principle, have no effect upon the judgment that was ren-
dered in this case, for the act was not in force at that time.
This court is permitted only to review the final judgments
of the trial courts and the rulings thereof, leading up to the
final judgments, and can determine only whether there was
error at the time of the rendition of such judgments.
Whatever rights the appellants may have obtained under
the latter statute different from the one repealed, must in
some appropriate manner be first raised in the trial court,
before this court, according to the well established practice,
can review the same and express its judgment concerning
such matter.   While the case may be still pending and un-
determined in the trial court, we have no doubt the ques-

tions under the new statute may be raised; but not in this court for the first time.

For the error indicated, the judgment of the Circuit Court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.